UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PNC BANK N.A.                                              CIVIL ACTION

VERSUS                                                     NO. 13-19

FIDELITY NATIONAL TITLE                                    SECTION "F"
INSURANCE COMPANY

ORDER AND REASONS

Before the Court is defendant's motion to dismiss plaintiff's claim under Rule 12(b)(3) for improper venue.  For the reasons that follow, the motion is GRANTED.

Background

This case arises out of an insurance dispute.

BMC Capital, L.P. issued a $2.5 million loan to the Irvin Family Partnership on August 29, 2007, and, to secure repayment, Irvin Family Partnership granted BMC a mortgage security interest in several parcels of property located in Gonzales, Louisiana.[1] In connection with this property, BMC obtained a title insurance policy with coverage limits of $2.5 million from Lawyers Title Insurance Corporation on September 29, 2007.[2] Fidelity National Title Insurance Company subsequently acquired Lawyers Title

---

[1] Specifically, the mortgage secured an interest in parcels of property located at "1026, 1028, 1056, 1060, 1064, 1068, and 1078 E. Worth."

[2] The title insurance policy number is L20-000183.

1

Insurance Corporation and the policy in question.

BMC later assigned the entire loan package, note, security interest, and insurance policy to PNC Bank N.A., who is currently the holder in due course of the loan and the security on the Gonzalez property.  Irvin Family Partnership defaulted on its loan in 2010, and PNC Bank made demand for payment and attempted to foreclose on its mortgage, discovering numerous flaws with the title in doing so.  As a result, on July 1, 2011, PNC Bank sent a written notice of the defects to Lawyers Title Insurance Corporation in accordance with the title insurance policy.  After learning that Fidelity acquired Lawyers Title Insurance Corporation, PNC Bank forwarded its demand letter to Fidelity, who acknowledged receipt of PNC Bank's claim on August 18, 2011.

On November 22, 2011, approximately three months after receipt of the claim, Fidelity accepted the tender of PNC Bank's claim and agreed to defend title under the policy.  PNC Bank contends that the policy "obligates Fidelity to pay the Insured or tender payment of the amount of the insurance or purchase the indebtedness, or to pay the Insured or otherwise settle the insured claims with other parties, including the obligation to pay for the costs of the effort to cure, losses, damages, and attorneys' fees and expenses incurred by the Insured."  PNC Bank alleges that Fidelity has failed to fulfil its obligations under the policy for the last seventeen months.

On January 1, 2013, PNC Bank sued Fidelity in this Court, invoking diversity jurisdiction,[3] and alleging that venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this district.  PNC Bank asserts that fidelity breached the title policy and the insurer's duty of good faith and fair dealing under Louisiana law.  Fidelity now moves to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

## I. Legal Standard

Venue is governed by 28 U.S.C. § 1391, which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff alleges that venue is proper under § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the

---

[3] PNC Bank is a national banking association chartered in Delaware with its principal place of business in Pittsburgh, Pennsylvania.  Fidelity is a California corporation with its principal place of business in Jacksonville, Florida.  The amount in controversy exceeds $75,000.

Eastern District of Louisiana.  "When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue."  Ross v. Digioia, No. 11-1827, 2012 WL 72703, at *2 (E.D. La. Jan. 10, 2012) (citing Perez v. Pan Am. Life Ins. Co., 70 F.3d 1268 (5th Cir. 1995)).  For purpose of a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.  Braspetro Oil Servs., Co. v. Modec (USA), Inc., 240 F. App'x 612, 615 (5th Cir. 2007).  Further, in deciding whether venue is proper, the court may look outside the complaint and its attachments.  Amraco Inc. v. Bossclip B.V., 570 F.3d 233, 238 (5th Cir. 2009).

## II. Discussion

Defendant contends that venue is improper because a substantial part of the events did not arise in the Eastern District of Louisiana.  The Court agrees.

For breach of contract claims, a court may consider factors such as "where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred."  Ross v. Digioia, No. 11-1827, 2012 WL 72703, at *3 (E.D. La. Jan. 10, 2012).  The Court notes that plaintiff asserts two causes of action:  breach of the insurance policy and breach of the insurer's duty of good faith and fair dealing.

4

Specifically, PNC alleges:

> PNC Bank properly notified Fidelity of its loss; there is no dispute that Fidelity accepted the claim and committed to remedy many title defects.
> . . . .
> Fidelity's failure to act promptly and diligently is in breach of the Policy's express language.
> . . . .
> Fidelity, an insurer, breaches its duty by delaying payment of a claim when it knows or should have known that its liability was reasonably clear and the claim is not paid within sixty (60) days . . . after receipt of satisfactory proof of loss, when such failure is arbitrary, capricious, or without probable cause.
> . . . .
> Fidelity's failure to act in over seventeen months and refusal to cure promptly the title defect and/or to pay the Insured the reasonable amount of its losses constitutes acts and omissions that are arbitrary, capricious, and without probable cause under the circumstances.

As PNC clearly asserts in its complaint, the main issue is Fidelity's handling of the claim and curing of the defects with respect to the Gonzales, Louisiana property. Fidelity does not dispute that PNC is an insured under the policy and that PNC has asserted a covered claim. All of Fidelity's alleged actions that form the basis of plaintiff's claim occurred outside the Eastern District of Louisiana.

The title insurance policy was written by Lawyers Title, a former Nebraska corporation that was later acquired by Fidelity, which is a California corporation with its principal place of business in Florida. The claim made by PNC to Fidelity was made through its Louisville, Kentucky office and forwarded to Fidelity's office in Omaha, Nebraska. Fidelity sent PNC its

claim determination letter from Fidelity's office in Omaha, Nebraska. PNC's counsel in Baton Rouge "made an initial review of the title issues," which was sent to Fidelity in Omaha, Nebraska. Further, Fidelity has proceeded to perform its curative work, albeit not at a rate to PNC's liking, on the Gonzales property through its counsel (Seale, Smith, Zuber, & Barnette) located in Baton Rouge.

Plaintiff asserts that even though Lawyers Title issued the insurance policy, Lawyers Title engaged Distinct Title, LLC, a New Orleans-based company, to be the "approved closer" for the transaction in 2007. Therefore, plaintiff contends that the negotiation and issuance of the contract occurred in New Orleans. Distinct Title also communicated with BMC Capital (which later assigned its rights to PNC Bank) and issued the endorsements for the insurance policy. In addition, PNC Bank notes that demands for payment under the policy were issued by PNC's counsel located in New Orleans. As a result, plaintiff submits that a substantial part of the events that gave rise to its cause of action arose in this judicial district. The Court does not agree.

Distinct Title's actions do not give rise to the cause of action in this case: plaintiff is challenging Fidelity's handling of the claim and curing of the defects. Plaintiff and defendant are in agreement that plaintiff is covered under the

policy and has asserted a covered claim.  Plaintiff's reliance on <u>Clarendon National Insurance Co. v. T.M.I. Enterprises, LLC</u> for the proposition that venue is proper in this judicial district is also unpersuasive.  No. 07-1637, 2008 WL 3838025, at *2 (W.D. La. Aug. 14, 2008).  In <u>Clarendon</u>, the court held that venue in the Western District of Louisiana was proper because the insurance company's agent was located in Shreveport; the insurance application was received in Shreveport; the insurance policy was bound and generated in Shreveport; the policy was issued from Shreveport; the coverage decisions were made in Shreveport; and all claims-handling activities occurred in Shreveport.  <u>Id.</u> Notably, the coverage decisions and the claims-handling activities of Fidelity (which constitute the alleged contract breaches) did not occur in New Orleans.

The Court is guided by the district court's reasoning in <u>Consolidated Insurance Co. v. Vanderwoude</u>, 876 F. Supp. 198 (N.D. Ind. 1995).  In <u>Consolidated</u>, the court noted:

> There are no allegations in [plaintiff's] complaint, however, that have anything to do with the application for, or making of, the contract . . . . While it is true that making the contract in Indiana was an event without which the present suit would not exist, that event does not constitute a "substantial part" of the events giving rise to [plaintiff's] claim.

<u>Id.</u> at 201.  Thus, it is the <u>nature</u> of plaintiff's claim that leads the Court to find that venue is improper in this district. To repeat, the events that gave rise to PNC Bank's claim are

7

Fidelity's handling and curing of the claim (which, to put simply, PNC alleges is not happening in a timely manner)—these events all occurred outside the Eastern District of Louisiana. They are the driving events of this lawsuit.

Accordingly, the defendant's motion to dismiss under Rule 12(b)(3) is GRANTED.

New Orleans, Louisiana, August 7, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE