UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PNC BANK N.A.                                            CIVIL ACTION

VERSUS                                                   NO. 13-19

FIDELITY NATIONAL TITLE                                  SECTION "F"
INSURANCE COMPANY

ORDER AND REASONS

Before the Court is plaintiff's motion for reconsideration of the Court's August 7, 2013 Order and Reasons. For the reasons that follow, the motion is GRANTED and the case is reopened and transferred to the Middle District of Louisiana.

Background

This case arises out of an insurance dispute.

BMC Capital, L.P. issued a $2.5 million loan to the Irvin Family Partnership on August 29, 2007, and, to secure repayment, Irvin Family Partnership granted BMC a mortgage security interest in several parcels of property located in Gonzales, Louisiana.[1] In connection with this property, BMC obtained a title insurance policy with coverage limits of $2.5 million from Lawyers Title Insurance Corporation on September 29, 2007.[2] Fidelity National

---

[1] Specifically, the mortgage secured an interest in parcels of property located at "1026, 1028, 1056, 1060, 1064, 1068, and 1078 E. Worth."

[2] The title insurance policy number is L20-000183.

1

Title Insurance Company subsequently acquired Lawyers Title Insurance Corporation and the policy in question.

BMC later assigned the entire loan package, note, security interest, and insurance policy to PNC Bank N.A., who is currently the holder in due course of the loan and the security on the Gonzalez property.  Irvin Family Partnership defaulted on its loan in 2010, and PNC Bank made demand for payment and attempted to foreclose on its mortgage, discovering numerous flaws with the title in doing so.  As a result, on July 1, 2011, PNC Bank sent a written notice of the defects to Lawyers Title Insurance Corporation in accordance with the title insurance policy.  After learning that Fidelity acquired Lawyers Title Insurance Corporation, PNC Bank forwarded its demand letter to Fidelity, who acknowledged receipt of PNC Bank's claim on August 18, 2011.

On November 22, 2011, approximately three months after receipt of the claim, Fidelity accepted the tender of PNC Bank's claim and agreed to defend title under the policy.  PNC Bank contends that the policy "obligates Fidelity to pay the Insured or tender payment of the amount of the insurance or purchase the indebtedness, or to pay the Insured or otherwise settle the insured claims with other parties, including the obligation to pay for the costs of the effort to cure, losses, damages, and attorneys' fees and expenses incurred by the Insured."  PNC Bank alleges that Fidelity has failed to fulfil its obligations under

the policy for the last seventeen months.

On January 1, 2013, PNC Bank sued Fidelity in this Court, invoking diversity jurisdiction,[3] and alleging that venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this district.  PNC Bank asserts that fidelity breached the title policy and the insurer's duty of good faith and fair dealing under Louisiana law.  On June 10, 2013, Fidelity moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(3) for improper venue, which the Court granted on August 7, 2013.  PNC now moves the Court to reconsider its August 7, 2013 Order and Reasons granting defendant's motion to dismiss for improper venue.

## Legal Standard

*I.*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.  See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012).  Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Rule 60(b), on the other hand, applies to motions filed after the

---

[3] PNC Bank is a national banking association chartered in Delaware with its principal place of business in Pittsburgh, Pennsylvania.  Fidelity is a California corporation with its principal place of business in Jacksonville, Florida.  The amount in controversy exceeds $75,000.

twenty-eight day period, but demands more "exacting substantive requirements."  See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).

Because the Court entered the challenged Order and Reasons on August 7, 2013, and PNC Bank filed its motion to reconsider within twenty-eight days on August 15, 2013, the motion to reconsider is timely under Rule 59(e), and such analysis is appropriate.

*II.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79.  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) ("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a

manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'") (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

I. Discussion

PNC moves the Court to reconsider its earlier decision, which dismissed plaintiff's case on the basis of improper venue, in favor of transferring the case to the Middle District of Louisiana. Notably, plaintiff is not challenging the correctness of the Court's decision as to venue being improper in the Eastern District of Louisiana; rather, plaintiff is merely requesting a transfer of the case. The Court agrees that transfer is warranted.

The Court recognizes the importance of finality, and it admonishes plaintiff for failing to request a transfer in opposing the defendant's original motion; however, the Court finds transfer to be proper, especially because the claims were never considered on the merits and may be time-barred if plaintiff is forced to re-file.  Therefore, after weighing the importance of finality with the justice-function of the courts, the Court reopens the case.  See, e.g., Roberts v. Hartman, No. 11-1119, 2012 WL 5499553, at *1-2 (W.D. Tex. Nov. 13, 2012) (granting plaintiff's motion for reconsideration and ordering the case to be reopened after it was dismissed for improper venue because plaintiff's claims might be time-barred and no issues had been decided on the merits).  Although the Court has granted plaintiff relief by reopening the case, venue in the Eastern District of Louisiana is nevertheless improper, for reasons more fully explained in the Court's August 7, 2013 Order and Reasons.

Under 28 U.S.C. § 1406(a), if a case is filed in an improper venue, a district court may, if in the interest of justice, transfer the case to any district in which it could have been brought.  Here, plaintiff submits that re-filing the case may result in some of its claims being prescribed, specifically, plaintiff's claims for breach of the insurer's duty of good faith and fair dealing under Louisiana Revised Statute 22:1973, which is subject to a one-year prescription period.  See Harrell v.

Fid. Sec. Life Ins. Co., No. 07-1439, 2008 WL 170269, at *5 (E.D. La. Jan. 16, 2008) (noting that a claim against an insurance company for breach of its fiduciary duties are delictual in nature and therefore subject to the one-year prescriptive period); Marketplace Annunciation, LLC v. United Fire & Cas. Co., No. 06-7232, 2007 WL 837202, at *1 (E.D. La. Mar. 15, 2007) ("The Court has no reason to dispute that a violation of the Insurance Code sounds in tort.").  In response, defendant merely asserts that "PNC cites no limitations period that would preclude it from re-filing," and because the Court was not erroneous in dismissing plaintiff's claims, the motion for reconsideration should be denied.

   Because the plaintiff's claims may be time-barred, the Court finds that it is interest of justice to transfer the case to the Middle District of Louisiana, which is a district where this case could have been properly brought. See 28 U.S.C § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").  As the Court mentioned in its August 7, 2013 Order and Reasons, a substantial part of the events giving rise to plaintiff's claim occurred in Baton Rouge; a point that the defendant emphasized in its original motion.  Further, the property at issue in the case is also located in

7

Baton Rouge.  As a result, the Court finds that this case should be transferred to the Middle District of Louisiana.  Accordingly, the plaintiff's motion for reconsideration is GRANTED.  IT IS ORDERED that the case is reopened.  IT IS FURTHER ORDERED that the case is transferred to the Middle District of Louisiana.

        New Orleans, Louisiana, August 30, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE